UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCBRIDE, | ) Civil No. 11cv1351 AJB (PCL) |
| Petitioner, | ) ORDER (1) ADOPTING REPORT AND |
| v. | ) RECOMMENDATION, (2) DENYING |
| | ) REQUEST FOR EVIDENTIARY |
| JAMES A. YATES, Warden, et al., | ) HEARING, (3) DENYING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS, AND (4) |
| Respondents. | ) DENYING CERTIFICATE OF |
| | ) APPEALABILITY |
| | ) [Doc. No. 15] |

On June 16, 2011, Petitioner Robert McBride, a prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego County Superior Court for robbery as an aider and abettor. (Doc. No. 1.) On May 15, 2012, Magistrate Judge Lewis issued his report and recommendation ("R&R") that both the petition and the request for an evidentiary hearing should be denied. (Doc. No. 13.) On June 18, 2012, the Petitioner filed an objection to the R&R (Doc. No. 15), which the Court considered before issuing this Order.

Background

The trial court found that on April 9, 2008, the Petitioner and a juvenile named Hurst, robbed a man while he waited at a bus stop. (Doc. No. 13 at 2.) The victim reported that Hurst took his wallet and cellular phone while the Petitioner restrained him in a "bear hug." *Id*. After the robbery, both men got into a station wagon and drove away. *Id*. Both men were later arrested. *Id*. At trial the Petitioner denied

having participated in the robbery. *Id*. at 3. The Petitioner claimed that he and Hurst had made plans to purchase cigarettes and that the Petitioner went to get his girlfriend's car so they could do so. *Id*. The Petitioner claims that after he left, Hurst walked over to the bus stop and robbed the victim. *Id*. When the Petitioner returned, he pulled up to the bus stop and told Hurst to get in the car, and they drove off. *Id*. During the trial, Hurst testified to the same.[1] On August 6, 2008, a jury found the Petitioner guilty of robbery. *Id*. The trial court found true two prior strike convictions pursuant to Penal Code section 667(b)(I) and two prior serious strike convictions. *Id.* After dismissing one of the prior strike convictions, the trial court sentenced the Petitioner to sixteen years in prison. *Id*.

### Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the R&R. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

### Discussion

The Petitioner's first objection to the R&R argues that "[t]he Magistrate [Judge] incorrectly concludes that the last reasoned decision made by a state court in this matter, the California court of appeal, applied the principles of *Strickland* in a reasonable manner." (Doc. No. 15 at 2.) The Petitioner argues that the appellate court gave "trial counsel deference without reviewing the case," and that the appellate court did not review the case on a "case by case analysis" as required by *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 15 at 2.) However, the Petitioner fails to explain how he reaches the conclusion that the court of appeal did not review his case on a case by case analysis. On the

---

[1] Hurst initially testified that he did not know where the Petitioner was during the encounter, but later testified that the Petitioner went to get a car. (Doc. No. 13 at 3.)

contrary, the court of appeal issued an opinion specifically addressing the Petitioner's appeal and explaining why it affirmed the trial court's judgment. (Doc. No. 13 at 4.) The Petitioner provides no facts that show the court of appeal failed to review his case on a case by case basis. Therefore, the Court finds that the Petitioner's first objection is meritless.

The Petitioner's second objection to the R&R argues that the R&R "errs when it states that the court of appeal's conclusion is reasonable." (Doc. No. 15 at 2.) The Petitioner claims that the court of appeal denied his petition because the Petitioner did not challenge the competency of trial counsel on appeal. *Id*. at 3. He argues that he has a constitutional right to raise ineffective assistance of counsel claims on collateral attack. *Id*. The Petitioner misunderstands why the court of appeal denied his petition. As the R&R explains, the Petitioner fails to meet either prong of the *Strickland* standard. (Doc. No. 13 at 9.) "Since Petitioner fails to meet either prong of the *Strickland* standard, the California Court of Appeal's opinion denying Petitioner's ineffective assistance of counsel claim was a reasonable application of federal authority." *Id*. Therefore, the Court finds the Petitioner's objection to be meritless.

The Petitioner further argues that it was not reasonable for the court of appeal to conclude that the Petitioner "failed to present any evidence outside the record on appeal to support his argument that counsel was ineffective." (Doc. No. 15 at 3.) The Petitioner claims that the court of appeal's "conclusion was an unreasonable application of facts in light of the evidence presented." *Id*. However, the Petitioner fails to explain why the court of appeal's conclusion was unreasonable or present facts contradicting the court of appeal's conclusion. Therefore, the Court finds the Petitioner's objection to be meritless.

The Petitioner's third and fourth objections both argue that the R&R "misconstrues Petitioner's claim of ineffective assistance of counsel." (Doc. No. 15 at 4.) The Petitioner claims that his complaint is about "the sub-par course of conduct by trial counsel." *Id*. at 5. The Petitioner argues that this "sub-par course of conduct" occurred when "defense counsel failed to conduct any pretrial investigation." *Id*. However, the record reflects that defense counsel's decision not to impeach the witness more vigorously or reenact the bear hug was not a result of a failure to conduct pretrial investigation. (Doc. No. 13 at 7-8.)  Rather, it was a tactical decision by defense counsel. *Id*. As the R&R explained, "A tactical decision by counsel with which the Petitioner disagrees cannot form the basis of a claim of ineffective assistance

of counsel." *Id*. at 7 (citing *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984)). Therefore, the Court finds the Petitioner's objections to be meritless.

The Petitioner's fifth objection argues that the R&R erred when it concluded "that the trial court did not abuse [its] discretion when it arbitrarily excluded defense witnesses." (Doc. No. 15 at 11.) The Petitioner argues that the trial court's decision to exclude the witnesses was arbitrary and therefore an abuse of discretion. *Id*. at 13. However, as the R&R explained,

> Trial court's decision to exclude the third party culpability evidence was not an abuse of discretion. Pursuant to California Evidence Code section 352, the trial court refused defense counsel's request to present witness testimonies from Hurst's subsequent robbery victims after McBride was incarcerated. The court did not find much relevance with respect to what other robberies [Hurst] may have committed and how he committed them, not in relation to this defendant. Contrary to Petitioner's contentions, trial court's decision to exclude third party culpability evidence is consistent with the rule articulated in Holmes: third party culpability evidence may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial. (Doc. No. 13 at 10 (citations and internal quotation marks omitted).)

The R&R further stated that "the fact that Hurst committed the other robberies by himself was not probative of and would not have raised a reasonable doubt about McBride's culpability." *Id.* (citation omitted). Therefore, the Court finds the Petitioner's objection to be without merit.

## Conclusion

Having reviewed the R&R, the Court finds it to be correct, and **ADOPTS** it in full. The Court directs that judgment be entered **DENYING** the request for an evidentiary hearing and **DENYING** the Petition for Writ of Habeas Corpus.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the Court finds that reasonable jurists could not debate

1 whether the petition should have been resolved differently and therefore **DENIES** the certificate of
2 appealability.

3    **IT IS SO ORDERED.**

5 DATED: July 19, 2012

6                                                                Hon. Anthony J. Battaglia
7                                                                U.S. District Judge